No. 10,398.

HEAD CAMP, PACIFIC JURISDICTION, WOODMEN OF THE WORLD, ET AL. *v.* CLAPP.

Decided December 4, 1922.

Action on life insurance policy.    Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings—Sufficiency of Evidence.*  In an

action on a life insurance policy, the contention that there was no conflict in the evidence, and no sufficient legal evidence to sustain the judgment, is overruled.

2.  EVIDENCE—*Self-Serving Statement.* A letter written to a fraternal society by authority of one claiming to be the beneficiary in one of its policies, and plaintiff in an action thereon, and notifying it of her contention that a change in the beneficiary had been secured by undue influence, held not to be a self-serving statement, and admissible in evidence.

3.  INSTRUCTIONS—*Refused Requests.* There is no error in the refusal of the trial court to give an instruction on an issue not for the jury, or where the point involved is properly covered by an instruction of the court.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. GEORGE P. STEELE, for plaintiffs in error.

Messrs. QUAINTANCE, KING & QUAINTANCE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action was instituted in the district court of Jefferson county by Dora Clapp, the widow of Anson Clapp, deceased, to recover as a beneficiary of a life insurance policy, which was issued to Anson Clapp by the Head Camp, Pacific Jurisdiction, Woodmen of the World, a fraternal society.

The issuance of this policy, in which the plaintiff was named as beneficiary, is conceded. It was competent for the insured, by observing the prescribed rules and regulations of the company, at any time to change the beneficiary. The defense interposed at the trial was that the insured did, in accordance with the insurer's procedure, make a change in the beneficiary, and that the name of Lillian H. Frisby, one of the defendants below, who was the daughter of the insured, was substituted in the policy as beneficiary in lieu of the name of the wife, Dora Clapp.

The plaintiff in her pleadings says that at the time of the alleged change of beneficiary, the insured was mentally incapable of comprehending the nature of his act, and that Lillian H. Frisby exerted an undue influence with her father in securing herself to be the substituted beneficiary.

The allegations of the complaint were denied and the main defense of the defendant, as to the alleged change of beneficiary, being traversed in the replication, the issues of fact thus joined were submitted by the court to a jury, which returned a verdict for the plaintiff, and to review the judgment rendered thereon the defendants are prosecuting this writ of error.

In the brief of counsel for plaintiffs in error their position here is thus stated: "Let it be said at the very outset that this is not a case brought here to have a conflict of testimony reviewed; there was no conflict of testimony at the trial. Rather, the case presents undisputed testimony, and the question is whether it was legally sufficient to sustain the judgment."

It thus appears from this and other statements in the briefs of plaintiffs in error that their counsel admit, if there is a substantial conflict in competent testimony bearing on the issues, that it is the province of the jury to determine the facts. They say that to this rule there are several exceptions, one of which is that where it appears that the verdict is so manifestly against the weight of the testimony that it must have been the result of passion or prejudice, or where there is no legal testimony whatever to support the verdict.

We cannot admit the claim of plaintiffs in error that there is no such substantial conflict in the evidence. Indeed, there were a number of witnesses, who, after stating the facts which they had observed as to the condition of the insured, at and about the time there was an attempt made to change the beneficiary, gave it as their opinion that the insured was not mentally competent to appreciate the nature of his act, and that he was not capable of transacting any business. Testimony directly in conflict was

given by a number of witnesses for the defendants, who say that at the time in question the insured's mind seemed clear and that he was competent to transact business.

The plaintiff's witnesses, who were well acquainted with the insured and who were with him during the time in question, testified that he was a very sick man, suffering from a vile disease, depressed in spirits, unable to recognize the persons who were with him and attendant upon him, that no connected conversation could be carried on with him, and that his memory was so defective that he did not recognize the persons with whom conversations were attempted. Directly to the contrary was the testimony of witnesses for the defendants.

We cannot say, therefore, as a matter of law that the case of the plaintiff is not sustained by sufficient legal evidence. The facts in a case like this are peculiarly for the jury to determine. They saw the witnesses while they were testifying, and had a much better opportunity to determine their credibility and the weight to be given to the testimony than this court has from the cold record before it. Additional weight to the verdict is given by the approval of the presiding judge. We feel that we are bound by the verdict of the jury and that the case is not so lacking in evidence as to justify a ruling that it is not legally sufficient to sustain the finding. Such a ruling would have to be made before this verdict could be set aside.

Another objection is that the court committed error in admitting in evidence at the trial what is called a self-serving statement of the plaintiff. This statement was a letter which the plaintiff caused her attorney to write to the defendant society notifying it that she claimed to be the beneficiary in the policy and that she questioned the mental capacity of the insured to make the attempted change in the beneficiary, and that the attempted change was secured by undue influence of the defendant Frisby.

We do not appreciate the force of the objection. There is no more force in saying that the declarations of the letter were self-serving than in saying that plaintiff's com-

plaint was self-serving, or that her own testimony given at the trial was self-serving. There is nothing in this letter to the company that was not proper to be contained in a letter of warning to the insurer not to pay the amount of the policy to the substituted beneficiary, but to pay it to the plaintiff. While we are not assuming to criticize the defendant society in ignoring this notice and paying the amount of the policy to the substituted beneficiary, it is not inappropriate to say that, in the face of this warning, the defendant might have protected itself by refusing to pay to either of the claimants, and, if sued by either, could have asked for an order to deposit in the registry of the court the amount due on the policy, to abide final decision as to which was entitled to its proceeds. The defendant society chose to disregard the notice and paid the money to Mrs. Frisby, and this payment was not made until after the receipt of the plaintiff's notice. The jury was properly instructed that the notice was not evidence of the truth of its contents. By this notice the defendant society was abundantly advised of the nature of the plaintiff's claim, and also her contention that the defendant Frisby had no rights because of the mental incompetency of the insured.

We perceive no substantial error of the court in the rulings on the evidence or in its instructions. The only error assigned to the instructions, as stated by assignment 4, is that the court erred in refusing to give to the jury an instruction requested by the defendant wherein it is stated that Anson Clapp had the right to change the beneficiary in his certificate from the plaintiff, his wife, to the defendant, his daughter, and in making such claim Clapp was only required substantially to comply with the requirements set forth in the by-laws concerning such a change.

While it is true that in the complaint the plaintiff says that the attempted change was not in substantial compliance with the by-laws, yet the plaintiff did not, at the trial, attempt to sustain this allegation, and the other instructions of the court clearly show that this was not an issue for the jury to pass upon since no claim of a non-compli-

ance was urged. Aside from this, this instruction practically told the jury that such a change of the beneficiary could be made, even though they should find that the insured was not competent mentally at the time to make it.

After a careful examination of the entire record, we are satisfied that no error was committed by the trial court that warrants a reversal of the judgment. The judgment should be affirmed, and it is so ordered.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.